IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| TIANJIN PORT FREE TRADE ZONE INTERNATIONAL TRADE SERVICE CO., LTD. 38 Yuanchang Road Comprehensive Bonded Area Tianjin Airport Economic Area Tianjin, China | : : : : : : : | Civil Action No 17-cv-4130 |
| Petitioner, | : : | **PETITION TO CONFIRM ARBITRATION AWARD** |
| v. | : : | |
| TIANCHENG CHEMPHARM, INC. USA 855 Conklin Street, Suite S Farmingdale, New York, 11735 | : : : : | |
| Respondent. | : | |

Petitioner Tianjin Port Free Trade Zone International Trade Service Co., Ltd. ("Tianjin Port Free"), through its undersigned counsel, files this Petition to Confirm Arbitration Award:

## THE PARTIES

1. Petitioner Tianjin Port Free is a company duly incorporated under the laws of China, with a principal place of business located at 38 Yuanchang Road, Comprehensive Bonded Area, Tianjin Airport Economic Area, Tianjin China.

2. Tianjin Port Free engages in the business of the sale of creatine monohydrate, betaine anhydrous, and creatine HCL, among other things.

3. Respondent Tiancheng Chempharm Inc. USA ("Tiancheng Chempharm") is a corporation organized under the laws of the state of New York and licensed as a Domestic Business Corporation in the state of New York. Its principal place of business is located at 855 Conklin Street, Suite S, Farmingdale, New York, 11735.

-2-

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, the Federal Arbitration Act, 9 U.S.C. § 1, et seq. and 9 U.S.C. § 201 et seq.

5. Under 9 U.S.C. § 203 and 9 U.S.C. § 207, federal district courts have original jurisdiction over actions to confirm an arbitral award as against any other party to an arbitration made pursuant to an agreement falling under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958 (the "Convention").

6. Article I of the Convention, to which both the United States and China are signatories, states that it "shall apply to the recognition and enforcement of arbitral awards made in the territory of a State other than the State where the recognition and enforcement of such awards are sought," as is here the case.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and 9 U.S.C. § 204, because Tiancheng Chempharm's principal place of business is located within this judicial district.

## FACTUAL AND PROCEDURAL HISTORY

8. On December 16, 2013, Tianjin Port Free entered into a sales contract with respondent Tiancheng Chempharm (the "Sales Contract"). A certified copy of the Sales Contract is attached hereto as Exhibit A.

9. Pursuant to the Sales Contract, Tianjin Port Free sold, and Tiancheng Chempharm agreed to purchase, 5,000 kg of creatine monohydrate, 4,000 kg of betaine anhydrous, and 9,000 kg of creatine HCL (collectively the "Goods") for the total price of USD $480,000.

-3-

10. Under the terms of the Sales Contract, payment to Tianjin Port Free was due within 90 days.

11. Tianjin Port Free delivered the specified Goods in a timely manner pursuant to the Sales Contract's terms.

12. After receipt of the Goods, Tiancheng Chempharm did not raise any issues as to the quality of the Goods.

13. Notwithstanding having received the Goods and having failed to make any objection to the quality thereof, Tiancheng Chempharm failed to pay Tianjin Port Free the purchase price of USD $480,000.

14. In failing to pay Tianjin Port Free the USD $480,000 purchase price, Tiancheng Chempharm breached its obligations under the Sales Contract.

15. In the Sales Contract, Tianjin Port Free and Tiancheng Chempharm agreed that all disputes in connection with that contract would be submitted for arbitration to the China International Economic and Arbitration Commission (the "Arbitration Commission"). *See* Sales Contract, ¶7 (Exhibit A).

16. On March 19, 2015, Tianjin Port Free commenced an arbitration proceeding before the Arbitration Commission.

17. On May 13, 2015, the Arbitration Commission sent copies of the notice of arbitration, the Arbitration Rules, and a list of arbitrators to respondent Tiancheng Chempharm. The Arbitration Commission verified that the arbitration notice and related materials were served on Tiancheng Chempharm on May 18, 2015.

18. On October 15, 2015, an arbitration tribunal (the "Arbitration Tribunal") appointed by the Arbitration Commission held an arbitration hearing in Beijing, China.

19322788v.1

According to Article 39 of the Arbitration Rules of the Commission, the Arbitration Tribunal proceeded by default. Tianjin Port Free presented evidence and legal authority to support its positions and answered the Arbitration Tribunal's questions.

19. On October 20, 2015, the Arbitration Tribunal sent Tiancheng Chempharm the materials submitted by Tianjin Port Free during the arbitration and informed Tiancheng Chempharm that any objections should be submitted to the Arbitration Tribunal in writing within a specified time period. The Arbitration Tribunal confirmed that these materials were received by Tiancheng Chempharm on October 23, 2015. Tiancheng Chempharm failed to submit any objections or materials to the Arbitration Tribunal.

20. Pursuant to the arbitration procedure, the Arbitration Tribunal postponed the time to issue an arbitration award until December 14, 2015.

21. On December 14, 2015, the Arbitration Tribunal issued its written Arbitration Award, a certified copy of which is attached hereto as Exhibit B. The Arbitration Award states in detail the reasons for the award and is signed.

22. In the Arbitration Award, the Arbitration Tribunal:

(a) ordered Tiancheng Chempharm to pay Tianjin Port Free USD $480,000, representing the purchase price of the Goods;

(b) ordered Tiancheng Chempharm to pay Tianjin Port Free USD $27,016.77, representing interest until March 1, 2015 on the purchase price of the Goods;

(c) ordered respondent Tiancheng Chempharm to pay Tianjin Port Free interest on the purchase price of the goods from March 1, 2015 until the date of actual payment at the loan rate stipulated by the People's Bank of China for the corresponding period; and

(d) ordered Tiancheng Chempharm to pay Tianjin Port Free the total arbitration fee of RMB 113,588 (i.e., $18,435.12).

23. The loan rate stipulated by the People's Bank of China for the period from March 2, 2015 to January 1, 2017 is as follows:

(a) March 2, 2015 to May 10, 2015 = 5.75%

(b) May 11, 2015 to June 27, 2015 = 5.50%

(c) June 28, 2015 to August 25, 2015 = 5.00%

(d) August 26, 2015 to October 23, 2015 = 4.75%

(e) October 24, 2015 to December 31, 2015 = 4.75%

(f) January 1, 2016 to January 1, 2017 = 4.75%

24. The total interest due for the period from March 2, 2015 to January 1, 2017 is $50,453. Interest on the outstanding balance continues to accrue.

25. The Arbitration Tribunal ordered Tiancheng Chempharm to pay amounts awarded within 20 days of the date of the Arbitration Award.

26. Notwithstanding the Arbitration Tribunal's award and order, Tiancheng Chempharm has not paid any portion of the Arbitration Award to Tianjin Port Free.

**PRAYER FOR RELIEF**

WHEREFORE, for the foregoing reasons, petitioner Tianjin Port Free demands judgment against respondent Tiancheng Chempharm, confirming the Arbitration Award and awarding Tianjin Port Free in the total amount of $575,904.89, representing the following:

(a) USD $480,000, representing the purchase price for the Goods;

(b) USD $27,016.77, representing interest until March 1, 2015 on the purchase price of the Goods;

-6-

      (c)    USD $18,435.12, representing the arbitration fee paid by Tianjin Port Free; and

      (d)    USD $50,453, representing interest from March 2, 2015 to January 1, 2017, which interest continues to accrue.

Tianjin Port Free further requests reasonable attorneys' fees and costs in collecting the Arbitration Award as permitted by applicable law.

Dated: New York, New York
       July 12, 2017

Respectfully submitted,

WHITE AND WILLIAMS LLP

BY: _____s/Eric B. Porter_____
    Eric B. Porter, Esquire
    7 Times Square, Suite 2900
    New York, NY  10036
    (212) 714-3078
    portere@whiteandwilliams.com
    *Attorneys for Petitioner*