# Arbitral Award



China International Economic and Trade Arbitration Commission

# China International Economic and Trade Arbitration Commission
## Arbitral Award

Applicant: Tianjin Port Free Trade Zone International Trade Service Co., Ltd.
Address: 38 Yuanhang Road, Comprehensive Bonded Area, Tianjin Airport Economic Area, Tianjin, China
Arbitration agent: Xu Yanzhao and Li Jinxiao, Tianjin Winners Law Firm

Respondent: TianchengChempharmInc. U.S.A.
Address: 28-12 203 Street, Bayside, NY 11360, U.S.A.

Tianjin
December 14, 2015



## Arbitral Award

[2015] ZhongGuo Mao Zhong Jing CaiZi No. 1321

In accordance with the arbitration clause of the *Sales Contract* numbered 13TBTC-E-0009 ("the Contract") signed by Tianjin Port Free Trade Zone International Trade Service Co., Ltd. ("the Applicant") and TianchengChempharmInc. U.S.A. ("the Respondent") on December16, 2013, as well as a written application forarbitration submitted by the Applicant on March 19, 2015, China International Economic and Trade Arbitration Commission ("CIETAC" or "the Arbitration Commission") accepted this dispute arbitration case ("the Case") between the Applicant and the Respondent. The case number is G20150400.

The *Arbitration Rules of China International Economic and Trade Arbitration Commission*implemented since January 1, 2015 ("the Arbitration Rules") applies to the arbitration procedures of the Case. As the amount in dispute is not more than RMB 5 million,Chapter IV "Summary Procedure" of the Arbitration Rules applies to the Casein accordance with Article 56 of the Arbitration Rules; other chapters of the Arbitration Rules apply to the matters not regulated by Chapter IV.

On May 13, 2015, the arbitration court of CIETAC ("the Arbitration Court") sentan arbitration notice, a copy of the Arbitration Rules and a list of arbitrators to the Applicant and the Respondent separately via express mail service, and sent additionally to the Respondent the arbitration application and the attached evidences submitted by the Applicant. It was verified that aforesaid notice and materials sent to the Respondent were duly served on May 18, 2015.

As it has been agreed in the Contract that the place of arbitration shall be Tianjin, China, the court session should have been held in Tianjin. On June 17, 2015, the ArbitrationCourtsent notice of fee paymentnumbered"[2015] ZhongGuo Mao Zhong Jing Zi No. 020675"to the Applicant andthe Respondent separately via express mail service, requiring the two parties to pay relevant expenses for the session to be held in Tianjin.

As the Applicant and the Respondent failed to jointly elect, or jointly entrust the chairman of the Arbitration Commission to appointa sole arbitrator within the specified period, the chairman of the Arbitration Commission appointed Mr. Tao Jie as the sole arbitrator for the Case according to the Arbitration Rules. After signing a Letter of Declaration, Mr.Tao Jie organized an arbitral tribunal("the Arbitral Tribunal") on July 14, 2015 for the Case. The Arbitration Court decided to open a session for the Case on August 26, 2015 in Beijing. The Arbitration Court of the Arbitration Commission sent a notice of arbitral tribunal organization numbered "(2015) ZhongGuo Mao Zhong Jing Zi No. 024066" and its attachments as well as a notice of session opening numbered 024068 to the Applicant and the Respondent separately via express mail service on July 14, 2015.

Afterward, aforesaid notice of fee payment numbered "(2015) ZhongGuo Mao Zhong Jing Zi No. 020675" sent to the Respondent was returned by the post office on the reason of "the entity

1

refused to accept the document as the recipient did not work here". The notice of arbitral tribunal organization numbered 024066 andthe notice of session opening numbered 024068 were also returned by the post office on the reason of "the entity refused to accept the document as the recipient did not work here".

After knowing the above situation, the Applicant provided a new address of the Respondent. Considering such circumstance, the Arbitral Tribunal decided to postpone the session opening date of the Case to October 15, 2015.

On August 31, 2015, the Arbitration Court of the Arbitration Commission sent the formerly returned notice of fee payment numbered "(2015) ZhongGuo Mao Zhong Jing Zi No. 020675", the notice of arbitral tribunal organization numbered 024066 and its attached documents, and the notice of session opening numbered 024068via express mail serviceto the new address of the Respondent provided by theApplicant . Requiring the Respondent to provide opinions on previous procedures of the Case within specified period. At the same time, the Arbitration Court also sent a notice of session opening numbered "(2015) ZhongGuo Mao Zhong Jing Zi No. 031363" to each of the two parties via express mail service. It was verified that aforesaid notices and materials sent to the Respondent were duly served on September 4, 2015.

As neither party paid relevant expenses for session opening in Tianjin within specified period, according to Article 82 of the Arbitration Rules, the court session would be held in Beijing, where the Arbitration Commission is located.

On October15, the Arbitral Tribunal held a session for the Case in Beijing. The arbitration agent appointed by the Applicant attended the trial on behalf of the Applicant, while the Respondent, in despite of due notification, neither attended the trial nor stated any reason. According to Article 39 of the Arbitration Rules, the Arbitral Tribunal proceeded with the arbitrationby default for the Case. During the trial, the Applicant stated its claims, the supporting facts and reasons and the legal bases, answered the questions of the Arbitral Tribunal, supplemented interest calculation details, explanation on relevant circumstances, catalogue of additional evidences and corresponding evidences, and presented originals of evidences. The Arbitral Tribunal checked and verified the original evidences presented by the Applicant.

On October 20, 2015, the Arbitration Court of the Arbitration Commission sent to the Respondent via express mail service the materials submitted by the Applicant during the trial, and informed the Respondent that any objection of the Respondent on the procedural or substantive issues of the Case, any evidence of the Respondent or any application for additional session should be submitted to the Arbitration Commission in written form within specified period. The Arbitral Tribunal would proceed with the following arbitration procedure in case of delay in submission. It was verified that the aforesaid notice sent to the Respondent was duly served on October 23, 2015.

The Respondent submitted no written objection or material within the specified period.

Due to the need of the arbitration procedures, and upon the application of the Arbitral Tribunal, the chairman of the Arbitration Court of the Arbitration Commission agreed and decided to postpone the awarding deadline for the Case to December 14, 2015.

All arbitration documents in relation to the Case have been duly served to the Applicant and the Respondent according to Article 8 of the Arbitration Rules.

Trial of the Case has been completed, and the Arbitral Tribunal hereby delivered the arbitral award by default based on the trial and related evidences.

The details of the Case, the opinions of the Arbitral Tribunal and the arbitral award are respectively stated as follows:

## I. Details of the Case

It is stated in the Arbitration Application submitted by the Applicant that:

On December 16, 2013, the Applicant and the Respondent signed a *Sales Contract* numbered 13TBTC-E-0009 (namely the Contract). According to the Contract, the Respondent shall purchase from the Applicant 5,000kg Creatine Monohydrate, 4,000kg BetaineAnhydrous and 9,000kg Creatine HCL, with a total price of USD 480,000.00 subject to a payment term of "T/T 90 days".

After signing the Contract, the Applicant purchasedthe goods based on the requirements of the Respondent, delivered the goods within the period specified in the Contract, and had the goods insured by insurance company. The Respondent proposed no objection against the quality of the goods after receiving the goods.

Later, the Applicant reminded the Respondent to make payment, but the person-in-charge of the Respondent avoided meeting the representatives of the Applicant and refused to fulfill the payment obligations under the Contract, which constituted a significant breach of contract. Up to March 1, 2015, the Respondent still had not paid the price of the goodsUSD 480,000.00, to the Applicant.

It is stipulated in the *Contract Law of the People's Republic of China* that both parties to a duly executed and valid contract shall strictly abide by such contract, and in the event of any breach of contract by either party, the non-breaching party may protect its benefits according to the law. In the current Case, the Applicant actively performed its contractual obligations by delivering the goods to the Respondent, while the Respondent failed to make payment as agreed. The Respondent's failure to pay had caused huge loss to the Applicant, and the Applicant had to file an arbitration application to the Arbitration Commission. In addition, the attorney fee, the arbitration fee and expenses paid by the Applicant in relation to the Case shall be reimbursed by the Respondent too.

3

Therefore, the Applicant made the following claims in the Case:

1. The Respondent shall pay the Applicant the price of goods amounting to USD480, 000.00.

2. The Respondent shall compensate the Applicant for the interest loss suffered by the Applicant due to the delayed payment up to March 1, 2015, which amounts to USD 27,016.77 (calculated with the loan interest rate stipulatedby the People's Bank of China for the corresponding period).

3. The Respondent shall compensate the Applicant for the interest loss suffered by the Applicant due to the delayed payment from March 1, 2015 to the date of actual payment (calculated with the loan interest rate stipulatedby the People's Bank of China for the corresponding period).

4. The Respondent shall bear the arbitration fee and expenses incurred by the Case.

The Respondent made no reply and submitted no evidentiary material.

## II. Opinions of the Arbitral Tribunal

(I) Governing law of the Contract

The Arbitral Tribunal noticesthat there is no clause on governing lawin the Contract. According to Article 126 of the *Contract Law of the People's Republic of China* and Article 41 of the *Law of the People's Republic of China on Applicable Law for Foreign-related Civil Relationships*, the Contract shall be governed by the laws of the country to which the contract is most closely related, in other words, the laws of the habitual domicile of the party whose performance of obligations can best manifest the features of the contract. In the opinion of the Arbitral Tribunal, as the Contract is a contract of international sale of goods, the obligation that can best manifest the features of the Contractis the obligation of the seller to deliver goods. Thus, the Contract shall be governed by the laws of the habitual domicile of the seller, namely the laws of the People's Republic of China.

(II) Facts related to the Case

Based on the trial, the Arbitral Tribunal recognizes the following fundamental facts:

(1) On December16, 2013, the Applicant and the Respondent signed the Contract, based on which Contract; the Applicant soldthe agreed goodsto the Respondent, including Creatine Monohydrate, Betaine Anhydrous and Creatine HCL, with the total price of USD 480,000.00. The delivery term was "FOB Tianjin", the date of shipment was December24, 2013, the port of shipment was Tianjin New Port in China, and the port of arrival was New York in U.S.A. The payment term was"T/T 90 days".

(2) On December 17, 2013, the Applicant issued a commercial invoice and a packing list. On December 24, 2013, China Ocean Shipping Agency Co., Ltd. issued an on-board bill of lading to

the Applicant. The Applicant carried out customs clearance procedures for goods export at the Customs of Tianjin New Port.

(3) On January 3, 2014, the Applicant sent the original bill of lading to the Respondent via DHL express mail service.

(4) The Respondent has not paid the contractualprice of goods amounting to USD 480,000.00 to the Applicant so far.

(III) Breach of contract and liabilities

As noticed by the Arbitral Tribunal, it is stipulated in Article 60, Article 107, Article 109 and Article 159 of the *Contract Law of the People's Republic of China* that parties to a contract shall comprehensively perform their obligations under the contract; where a party fails to perform its obligations under the contract or its performance of obligations does not conform to the agreement, such party shall bear liabilities for breach of contract by specific performances, cure of non-performing performance or payment of damages; where a party fails to pay contractualprice or remuneration, the other party may claim such price or remuneration; the purchasing party shall pay the contractualprice of goods as agreed.

From aforesaid facts recognized by the Arbitral Tribunal, the Applicant performed the obligation of goods delivery under the Contract and the Respondent should pay the price of goods as agreed. The failure of the Respondent to pay the price of goods has constituted a breach of contract, and the Applicant has the right to require the Respondent to bear liabilities for breaching of contract in accordance with the aforesaid clauses of law, including paying the price of goods under the contract and bearing accrued interests.

(IV) On the claims of the Applicant

1. Price of goods and interests. As stated above, the Respondent shall pay the Applicant the price of goods amounting to USD 480, 000.00. With respect to the interest of the overdue payment, the calculation method used by the Applicant islegitimate and reasonable, and is recognized by theArbitral Tribunal.

2. Arbitration fee and expenses. According to Article 52 of the Arbitration Rules, the arbitral tribunal has the power to determine in the arbitral award the arbitration fees and other expenses to be paid by the parties to CIETAC. As the Arbitral Tribunal supports all the aforesaid claims of the Applicant, all the arbitration fee and expenses for the Case shall be borne by the losing party, namely the Respondent.

### III. Award

Based on the above analysis and opinions, the Arbitral Tribunal makes the following award:

(I) The Respondent shall pay the Applicant the price of goods amounting to USD 480,000.00.

(II) The Respondent shall pay the Applicant the accrued interest of the aforesaid price of goods of USD 480,000.00 up to March 1, 2015, which shall be USD 27,016.77.

(III) The Respondent shall pay the Applicant the accrued interest of the aforesaid price of goods of USD 480,000.00 from March 1, 2015 to the date of actual payment (to be calculated with the loan rate stipulated by the People's Bank of China for the corresponding period).

(IV) The Respondent shall bear the total arbitration fee for the Case, which amounts to RMB 113,588.00. As such arbitration fee has been offset by the arbitration fee of equal amount paid by Applicant in advance to the Arbitration Commission; the Respondent shall therefore pay additionally RMB 113,588.00 to the Applicant to reimburse the arbitration fee paid by the Applicant in advance.

The Respondent shall pay up the aforesaid amount to the Applicant within 20 days after the Arbitral Award is made.

The Arbitral Award is final, and becomes effective after the Award is made.

(Signature page)

December 14, 2015 Tianjin

Sole Arbitrator: Tao Jie

> China International
> Economic and Trade
> Arbitration Commission
>
> 1100000135001



# NOTARIAL CERTIFICATE

(2017) JinXiQingGongJingZi No.33

Applicant: TPFTZ INTERNATIONAL TRADE SERVICE Co., Ltd., domicile: No.38, Yuanhang Road, Comprehensive Bonded Area, Tianjin Airport Economic Area, Tianjin.

Legal representative: Jiang Lei, female, born on April 18, 1975, ID Card No.: 120107197504183040X.

Agent: Yuan Haochen, male, born on July 5, 1992, ID Card No.: 120103199207056419.

Issue under notarization: Duplicated Copy in Conformity with the Original Copy

This is to certify that the above-mentioned duplicated copy is in conformity with the original copy of "Arbitral Award" which Yuan Haochen showed to the Notary.

Notary: Shen Yi

XiQing Notary Public Office of

Tianjin

The People's Republic of China

May 10, 2017

V00475027

# 公　　证　　书

(2017)津西青公经字第 34 号

申请人：天津港保税区国际贸易服务有限公司，住所：天津空港经济区综合保税区远航路 38 号。

法定代表人：蒋蕾，女，一九七五年四月十八日出生，公民身份号码：12010719750418304X。

委托代理人：袁昊宸，男，一九九二年七月五日出生，公民身份号码：120103199207056419。

公证事项：译本内容与原本内容相符

兹证明前面的(2017)津西青公经字第 33 号《公证书》英文译本内容与该公证书中文原本相符。

中华人民共和国天津市西青公证处

公证员 



二〇一七年五月十日

IV00475026

# NOTARIAL CERTIFICATE

(Translation)

(2017)JinXiQingGongJingZi No.34

Applicant: TPFTZ INTERNATIONAL TRADE SERVICE Co., Ltd., domicile: No.38, Yuanhang Road, Comprehensive Bonded Area, Tianjin Airport Economic Area, Tianjin.

Legal representative: Jiang Lei, female, born on April 18, 1975, ID Card No.: 12010719750418304X.

Agent: Yuan Haochen, male, born on July 5, 1992, ID Card No.: 120103199207056419.

Issue under notarization: Translated Contents in Conformity with Those of Original Copy

This is to certify that the contents of the aforementioned translated English text of "Notarial Certificate" No.: (2017)JinXiQingGongJingZi No.33 are in conformity with those of the Chinese original copy.

Notary: Shen Yi

XiQing Notary Public Office of

Tianjin

The People's Republic of China

May 10, 2017

V00475028



People's Republic of China)  
Municipality of Beijing  )  
Embassy of the United   )  ss:  
States of America       )

                        John Ryan  
                        Vice Consul

I, _____, Consul/Vice Consul of the United States of America in Beijing, the People's Republic of China, duly commissioned and qualified, do hereby certify that ____Zheng Xiaoling____, whose true signature and official seal are, respectively, subscribed and affixed to the foregoing document, was on the ____02nd____ day of ____June____, 201_7_, an officer of the Ministry of Foreign Affairs of the People's Republic of China, duly commissioned and qualified, to whose official acts faith and credit are due.

IN WITNESS WHEREOF I have hereunto set my hand and affixed the seal of the Embassy of the United States of America in Beijing, the People's Republic of China this ____05th____ day of ____June____, 201_7_.

                        John Ryan  
                        Vice Consul