**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

TIANJIN PORT FREE TRADE ZONE
INTERNATIONAL TRADE SERVICE CO., LTD.
38 Yuanchang Road
Comprehensive Bonded Area
Tianjin Airport Economic Area
Tianjin, China

                               Petitioner,

    v.

TIANCHENG CHEMPHARM, INC. USA
855 Conklin Street, Suite S
Farmingdale, New York, 11735

                               Respondent.

**AFFIRMATION IN SUPPORT OF PETITIONER'S MOTION FOR DEFAULT JUDGMENT**

Civil Action No. 2:17-CV-4130 (LDW)(AYS)

---

ERIC PORTER hereby declares as follows:

1. I am an attorney with the law firm of White and Williams LLP, counsel to Petitioner Tianjin Port Free Trade Zone International Trade Service Co., LTD. ("Tianjin Port Free") in the above-captioned proceeding.

2. I submit this Affirmation in support of Petitioner's motion for default judgment against Respondent Tiancheng Chempharm, Inc. USA ("Tiancheng Chempharm").

3. I am fully familiar with the facts set forth herein based upon my own personal knowledge and upon my review of the records and materials cited herein.

4. This proceeding was commenced pursuant to Petition to Confirm Arbitration Award dated July 12, 2017 (the "Petition"). (Dkt. No. 1.) A true and correct copy of the Petition and its supporting Exhibits is annexed hereto as **Exhibit 1**.

5. Respondent Tiancheng Chempharm was served with the Summons and Petition on July 19, 2017. (Dkt. No. 5.)

6.    The time for Respondent Tiancheng Chempharm to answer or otherwise move with respect to the Petition has expired.

7.    Respondent Tiancheng Chempharm has not answered or otherwise moved with respect to the Petition, and the time for Respondent to answer or otherwise move has not been extended.

8.    Respondent's default has been noted by the Clerk of the Court.  (Dkt. No. 9.)  A true and correct copy of the Certificate of Default entered by the Clerk on August 23, 2017 is annexed hereto as **Exhibit 2**.

**Respondent is Indebted to Petitioner Pursuant to a Valid and Binding Arbitration Award**

9.    As described in the Petition, Respondent Tiancheng Chempharm is indebted to Petitioner Tianjin Port Free in the following manner:  On December 16, 2013, Tianjin Port Free entered into a sales contract with Respondent Tiancheng Chempharm (the "Sales Contract").  A true and correct copy of the Sales Contract is annexed to the Petition as Exhibit A.

10. Pursuant to the Sales Contract, Tianjin Port Free sold, and Tiancheng Chempharm agreed to purchase, 5,000 kg of creatine monohydrate, 4,000 kg of betaine anhydrous, and 9,000 kg of creatine HCL (collectively the "Goods") for the total price of USD $480,000.  Under the terms of the Sales Contract, payment to Tianjin Port Free was due within 90 days.  Tianjin Port Free delivered the specified Goods in a timely manner pursuant to the Sales Contract's terms, and Tiancheng Chempharm did not raise any issues as to the quality of the Goods upon receipt. Notwithstanding having received the Goods and having failed to make any objection to the quality thereof, Tiancheng Chempharm failed to pay Tianjin Port Free the purchase price of USD $480,000.  In failing to pay Tianjin Port Free the USD $480,000 purchase price, Tiancheng Chempharm breached its obligations under the Sales Contract.

-3-

11. The parties agreed to resolve all disputes under the Sales Contract via arbitration before the China International Economic and Arbitration Commission (the "Arbitration Commission"). (Sales Contract, ¶ 7.)

12. On March 19, 2015, Tianjin Port Free commenced an arbitration proceeding before the Arbitration Commission.

13. On May 13, 2015, the Arbitration Commission sent copies of the notice of arbitration, the Arbitration Rules, and a list of arbitrators to respondent Tiancheng Chempharm. The Arbitration Commission verified that the arbitration notice and related materials were served on Tiancheng Chempharm on May 18, 2015.

14. On October 15, 2015, an arbitration tribunal (the "Arbitration Tribunal") appointed by the Arbitration Commission held an arbitration hearing in Beijing, China. According to Article 39 of the Arbitration Rules of the Commission, the Arbitration Tribunal proceeded by default.  Tianjin Port Free presented evidence and legal authority to support its positions and answered the Arbitration Tribunal's questions.

15. On October 20, 2015, the Arbitration Tribunal sent Tiancheng Chempharm the materials submitted by Tianjin Port Free during the arbitration and informed Tiancheng Chempharm that any objections should be submitted to the Arbitration Tribunal in writing within a specified time period.  The Arbitration Tribunal confirmed that these materials were received by Tiancheng Chempharm on October 23, 2015.  Tiancheng Chempharm failed to submit any objections or materials to the Arbitration Tribunal.

16. Pursuant to the arbitration procedure, the Arbitration Tribunal postponed the time to issue an arbitration award until December 14, 2015.

19646153v.1

17. On December 14, 2015, the Arbitration Tribunal issued its written Arbitration Award.  A certified copy of the Arbitration Award is annexed to the Petition as Exhibit B.  The Arbitration Award states in detail the reasons for the award and is signed.  In the Arbitration Award, the Arbitration Tribunal:

    a.  ordered Tiancheng Chempharm to pay Tianjin Port Free USD $480,000, representing the purchase price of the Goods;

    b.  ordered Tiancheng Chempharm to pay Tianjin Port Free USD $27,016.77, representing interest until March 1, 2015 on the purchase price of the Goods;

    c.  ordered respondent Tiancheng Chempharm to pay Tianjin Port Free interest on the purchase price of the goods from March 1, 2015 until the date of actual payment at the loan rate stipulated by the People's Bank of China for the corresponding period; and

    d.  ordered Tiancheng Chempharm to pay Tianjin Port Free the total arbitration fee of RMB 113,588 (i.e., $18,435.12).

18. The loan rate stipulated by the People's Bank of China for the period from March 2, 2015 to January 1, 2017 is as follows:

    a.  March 2, 2015 to May 10, 2015 = 5.75%

    b.  May 11, 2015 to June 27, 2015 = 5.50%

    c.  June 28, 2015 to August 25, 2015 = 5.00%

    d.  August 26, 2015 to October 23, 2015 = 4.75%

    e.  October 24, 2015 to December 31, 2015 = 4.75%

    f.  January 1, 2016 to January 1, 2017 = 4.75%

19646153v.1

10. The total interest due for the period from March 2, 2015 to January 1, 2017 is $50,453.  Interest on the outstanding balance continues to accrue.

11. The Arbitration Tribunal ordered Tiancheng Chempharm to pay amounts awarded within 20 days of the date of the Arbitration Award.

12. Notwithstanding the Arbitration Tribunal's award and order, Tiancheng Chempharm has not paid any portion of the Arbitration Award to Tianjin Port Free.

13. Respondent is accordingly indebted to Petitioner pursuant to the Arbitration Award in the amount of $575,904.89, representing the following:

      a.   USD $480,000, representing the purchase price for the Goods;

      b.   USD $27,016.77, representing interest until March 1, 2015 on the purchase price of the Goods;

      c.   USD $18,435.12, representing the arbitration fee paid by Tianjin Port Free; and

      d.   USD $50,453, representing interest from March 2, 2015 to January 1, 2017, which interest continues to accrue.

14. The foregoing facts are undisputed, and there are no genuine issues of material fact preventing Petitioner's entitlement to judgment as a matter of law.

**Petitioner is Additionally Entitled to Recover Attorneys' Fees and Costs From Respondent**

14. In addition to the amount described above owed by Respondent to Petitioner pursuant to the Arbitration Award, Petitioner is also entitled to recover from Respondent its reasonable attorneys' fees and costs incurred in collecting that Award.

15. An award of attorneys' fees and costs is both available and appropriate here.

19646153v.1

16. As the Honorable Judge Sandra J. Feuerstein recently made clear in awarding attorneys' fees to a party similarly moving to enforce an arbitration award in this District where the respondent had failed to appear for either the underlying arbitration or the proceeding brought to confirm the arbitration award, "courts in the Second Circuit have held that a 'failure to appear at arbitration or the confirmation hearing may result in a grant of attorneys' fees on equitable grounds.'"   Trustees of the Northeast Carpenters Health, Pension, Annuity, Apprenticeship, and Labor Management Cooperation Funds v. All State Furniture Technicians Corp., 17-cv-722, 2017 U.S. Dist. LEXIS 83228, *9 (E.D.N.Y. May 31, 2017) (quoting New York City District Council of Carpenters Pension Fund v. Brookside Contracting Co., 07 Civ. 2583, 2007 U.S. Dist. LEXIS 83848, **5-6 (S.D.N.Y. Nov. 14, 2007); see also Universal Computer Services, Inc. v. Dealer Services, Inc., 02-CV-6563, 2003 U.S. Dist. LEXIS 12237, *9 (E.D.N.Y. Jul 17, 2003) ("when a challenger refuses to abide by an arbitrator's decision without justification, attorney's fees and costs may properly be awarded.") (quoting International Chemical Workers Union, Local No. 227 v. BASF Wyandotte Corp., 774 F.2d 43, 47 (2d Cir. 1985)).

17. Here, Respondent failed to pay Petitioner for goods it received shortly after the execution of the Sales Contract in December of 2013.  Respondent failed to participate in the resulting arbitration proceeding, despite being sent notice of the arbitration and all relevant documents.  And Respondent failed to appear in the present matter or respond in any way to the Petition, despite being duly served on July 19, 2017.  (Dkt. No. 5.)

18. Respondent's repeated failures to abide by its contractual obligations or to comply with the Arbitrator's Award have directly resulted in Petitioner being denied substantial moneys

owed to it for a period of more than three years. Respondent has at no time ever offered an excuse or justification for these failures.

19. Accordingly, Petitioner respectfully submits that the equities support an award of Petitioner's reasonable attorneys' fees and costs incurred in collecting the Arbitration Award. See, e.g., Trustees, 2017 U.S. Dist. LEXIS 83228 at *9; Carpenters Pension Fund, 2007 U.S. Dist. LEXIS 83848 at **5-6.

20. A review of the contemporaneous time records maintained by Petitioner's counsel reflects that Petitioner has incurred attorneys' fees totaling $7,056.50, and costs totaling $405.20, in connection with this matter brought to confirm the Arbitration Award. Petitioner is therefore entitled to recover a total of $7,461.70 from Respondent for attorneys' fees and costs.

WHEREFORE, Petitioner Tianjin Port Free respectfully requests that a default judgment be entered in favor of Petitioner Tianjin Port Free and against Respondent Tiancheng Chempharm, and that Petitioner be awarded the total amount of $583,366.59, representing the sum of:

- $575,904.89, the amount owed pursuant to the Arbitration Award; and

- $7,461.70, the amount of attorneys' fees and costs reasonably incurred by Petitioner in connection with collecting the Arbitration Award.

Pursuant to Local Civil Rule 55.2(b), a proposed form of default judgment is annexed hereto as **Exhibit 3**.

I declare under penalty of perjury that the foregoing is true and accurate to the best of my knowledge, information and belief, that the amount claimed is justly due to Petitioner, that no

-7-

19646153v.1

-8-

part thereof has been paid, and that the disbursements sought to be taxed have been made in this

action or will necessarily be made or included in this action.

Dated:  New York, New York
        September 15, 2017

                                       Respectfully submitted,

                                  BY: _____/s/_____
                                      Eric B. Porter
                                      White and Williams LLP
                                      7 Times Square, Suite 2900
                                      New York, NY  10036
                                      (212) 714-3078
                                      portere@whiteandwilliams.com
                                      *Attorneys for Petitioner*

19646153v.1