UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

TIANJIN PORT FREE TRADE ZONE
INTERNATIONAL TRADE SERVICE CO., LTD.
38 Yuanchang Road
Comprehensive Bonded Area
Tianjin Airport Economic Area
Tianjin, China

                              Petitioner,

   v.

TIANCHENG CHEMPHARM, INC. USA
855 Conklin Street, Suite S
Farmingdale, New York, 11735

                              Respondent.

Civil Action No. 2:17-CV-4130 (LDW)(AYS)

---

# PETITIONER'S MEMORANDUM OF LAW IN OPPOSITION TO RESPONDENT'S MOTION FOR LEAVE TO FILE OUT OF TIME RESPONSE

---

**WHITE AND WILLIAMS, LLP**
*Attorneys for Petitioner*
Eric B. Porter
7 Times Square, Suite 2900
New York, NY 10036
Phone: (212) 714-3078

19865246v.1

## **TABLE OF CONTENTS**

**PAGE**

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................. 1

FACTUAL BACKGROUND AND PROCEDURAL HISTORY ............................................ 2

ARGUMENT ........................................................................................................................... 6

        RESPONDENT'S MOTION IS PROCEDURALLY DEFECTIVE AND
        SUBSTANTIVELY DEFICIENT ................................................................................ 6

    A.    Respondent's Motion is Procedurally Defective. ..................................................... 6

    B.    Respondent's Motion is Substantively Deficient ..................................................... 7

        1.  Respondent's Default Was Willful ................................................................... 8
        2.  Respondent's Has Not Presented a Meritorious Defense ............................... 10
        3.  Petitioner Would Be Prejudiced by Setting Aside Respondent's Default ........ 11

CONCLUSION ..................................................................................................................... 12

## TABLE OF AUTHORITIES

**Page(s)**

### CASES

Enron Oil Corp. v. Diakuhara,
   10 F.3d 90 (2d Cir. 1993)..........................................................................................................8

Nolan v. City of Yonkers,
   168 F.R.D. 140 (S.D.N.Y. 1995) ............................................................................................10

RLS Associates, LLC v. United Bank of Kuwait PLC,
   01 Civ. 1290, 2002 U.S. Dist. LEXIS 1371 (S.D.N.Y. Jan. 29, 2002)...................................11

Santiago v. Crown Heights Center for Nursing & Rehabilitation,
   15 CV 4381, 2017 U.S. Dist. LEXIS 27356 (E.D.N.Y. Feb. 24, 2017) (Report
   and Recommendation, adopted in relevant part at 2017 U.S. Dist. LEXIS
   164676 (Sep. 30, 2017))............................................................................................................9

Sassower v. City of White Plains,
   89 Civ. 1267, 1993 U.S. Dist. LEXIS 13475 (S.D.N.Y. 1993) ...............................................10

SEC v. McNulty,
   137 F.3d 732 (2d Cir. 1998)..................................................................................................8, 10

State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada,
   374 F.3d 158 (2d Cir. 2004)....................................................................................................10

Trustees of the Local 807 Labor-Management Pension Fund v. Maritime Fish
   Products, Inc.,
   11 CV 844, 2012 U.S. Dist. LEXIS 93211 (E.D.N.Y. May 31, 2012) (Report
   and Recommendation, adopted in full at 2012 U.S. Dist. LEXIS 93122
   (E.D.N.Y July 5, 2012) ..................................................................................................8, 9, 10

United Bank of Kuwait PLC v. Enventure Energy Enhanced Oil Recovery
   Associates,
   755 F. Supp. 1195 (S.D.N.Y. 1989).........................................................................................8

### STATUTES AND OTHER AUTHORITIES

Fed. R. Civ. P. 4............................................................................................................................9

Fed. R. Civ. P. 55.........................................................................................................2, 7, 8, 11

Local Civil Rule 7.1......................................................................................................................6

New York Business Corporation Law §306 .................................................................................9

## **PRELIMINARY STATEMENT**

Petitioner Tianjin Port Free Trade Zone International Trade Service Co., LTD., by and through its undersigned counsel White and Williams LLP, respectfully submits this memorandum of law in opposition to the amended "Motion for Leave to File Out of Time Response" filed by Respondent Tiancheng Chempharm, Inc. USA ("Tiancheng Chempharm") on October 20, 2017 (Dkt. No. 16.).

Respondent's "Motion for Leave to File Out of Time Response" (Respondent's "Motion") is both procedurally defective and substantively deficient, and should accordingly be denied in its entirety.

Procedurally, Respondent has failed to either file a notice of motion or request a pre-motion conference, violating both this District's Local Rules and this Court's Individual Rules, respectively. Further, though Respondent's Motion is styled as a request for more time to answer the Petition, Respondent in fact appears to be asking the Court to set aside the Certificate of Default entered by the Clerk of the Court in this matter on August 23, 2017. (Dkt. No. 9.) Respondent actively misrepresents the Clerk's prior entry of default, erroneously asserting that "no default . . . has been entered." (Respondent's Motion at ¶ 6.)

Substantively, Respondent has offered no explanation for its failure to timely respond to the Petition, and has not described any meritorious defenses to the Petition. Respondent has instead simply denied receiving the Petition without actually challenging service, and stated that it "believes Respondent has meritorious defenses" without actually providing any information regarding what those defenses might be. (Id. at ¶ 5.)

In short, Respondent's threadbare, procedurally improper motion comes nowhere near satisfying Respondent's burden on a motion to set aside the Clerk's entry of default. Petitioner

19865002v.1

accordingly asks that Respondent's motion be denied in its entirety, and that Petitioner's motion for default judgment (Dkt. No. 10) be granted.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

**Procedural History**

Petitioner commenced this proceeding to confirm an arbitration award by Petition filed on July 12, 2017. (Dkt. No. 1.) Petitioner thereafter served the Summons and Petition on Respondent via the New York Secretary of State on July 19, 2017. (Dkt. No. 5.) When Respondent failed to respond to the Petition in any way within the time period allotted under the Federal Rules, Petitioner filed its Request for Certificate of Default with the Clerk of the Court on August 17, 2017. (Dkt. No. 6.) The Clerk docketed the Certificate of Default on August 23, 2017, noting Respondent's default "pursuant to Rule 55(a) of the Federal Rules of Civil Procedure." (Dkt. No. 9.) Petitioner then filed its motion for default judgment on September 15, 2017. (Dkt. No. 10.) That motion is currently sub judice.

On October 11, 2017, nearly three months after Respondent had first been served, counsel for Respondent filed a notice of appearance. (Dkt. No. 13.) Respondent then filed a document styled as a "Motion for Leave to File Out of Time Response" on October 19, 2017 (Respondent's "First Motion"). (Dkt. No. 14.)

As is discussed in Petitioner's letter to the Court filed later that same day (Dkt. No. 15), Respondent's First Motion materially misstated facts related to Respondent's counsel's attempt to obtain consent from Petitioner's counsel as to the relief Respondent seeks. Respondent agreed to withdraw its First Motion as a result of this material misstatement of facts, and Respondent thereafter filed its amended Motion on October 20, 2017. (Dkt. No. 16.)

-3-

**Factual Background**

As described in detail in both the Petition and Petitioner's motion for default judgment, Respondent Tiancheng Chempharm is indebted to Petitioner Tianjin Port Free in the following manner: On December 16, 2013, Petitioner entered into a sales contract with Respondent (the "Sales Contract"). A true and correct copy of the Sales Contract is annexed to the Petition as Exhibit A.

Pursuant to the Sales Contract, Tianjin Port Free sold, and Tiancheng Chempharm agreed to purchase, 5,000 kg of creatine monohydrate, 4,000 kg of betaine anhydrous, and 9,000 kg of creatine HCL (collectively the "Goods") for the total price of USD $480,000. Under the terms of the Sales Contract, payment to Tianjin Port Free was due within 90 days. Tianjin Port Free delivered the specified Goods in a timely manner pursuant to the Sales Contract's terms, and Tiancheng Chempharm did not raise any issues as to the quality of the Goods upon receipt. Notwithstanding having received the Goods and having failed to make any objection to the quality thereof, Tiancheng Chempharm failed to pay Tianjin Port Free the purchase price of USD $480,000. In failing to pay Tianjin Port Free the USD $480,000 purchase price, Tiancheng Chempharm breached its obligations under the Sales Contract.

The parties agreed to resolve all disputes under the Sales Contract via arbitration before the China International Economic and Arbitration Commission (the "Arbitration Commission"). (Sales Contract, ¶ 7.) On March 19, 2015, Tianjin Port Free accordingly commenced an arbitration proceeding before the Arbitration Commission.

On May 13, 2015, the Arbitration Commission sent copies of the notice of arbitration, the Arbitration Rules, and a list of arbitrators to respondent Tiancheng Chempharm. The Arbitration

Commission verified that the arbitration notice and related materials were served on Tiancheng Chempharm on May 18, 2015.

On October 15, 2015, an arbitration tribunal (the "Arbitration Tribunal") appointed by the Arbitration Commission held an arbitration hearing in Beijing, China. According to Article 39 of the Arbitration Rules of the Commission, the Arbitration Tribunal proceeded by default. Tianjin Port Free presented evidence and legal authority to support its positions and answered the Arbitration Tribunal's questions.

On October 20, 2015, the Arbitration Tribunal sent Tiancheng Chempharm the materials submitted by Tianjin Port Free during the arbitration and informed Tiancheng Chempharm that any objections should be submitted to the Arbitration Tribunal in writing within a specified time period. The Arbitration Tribunal confirmed that these materials were received by Tiancheng Chempharm on October 23, 2015. Tiancheng Chempharm failed to submit any objections or materials to the Arbitration Tribunal.

Pursuant to the arbitration procedure, the Arbitration Tribunal postponed the time to issue an arbitration award until December 14, 2015.

On December 14, 2015, the Arbitration Tribunal issued its written Arbitration Award. A certified copy of the Arbitration Award is annexed to the Petition as Exhibit B. The Arbitration Award states in detail the reasons for the award and is signed. In the Arbitration Award, the Arbitration Tribunal:

> a. ordered Tiancheng Chempharm to pay Tianjin Port Free USD $480,000, representing the purchase price of the Goods;

  b. ordered Tiancheng Chempharm to pay Tianjin Port Free USD $27,016.77, representing interest until March 1, 2015 on the purchase price of the Goods;

  c. ordered respondent Tiancheng Chempharm to pay Tianjin Port Free interest on the purchase price of the goods from March 1, 2015 until the date of actual payment at the loan rate stipulated by the People's Bank of China for the corresponding period; and

  d. ordered Tiancheng Chempharm to pay Tianjin Port Free the total arbitration fee of RMB 113,588 (i.e., $18,435.12).

The loan rate stipulated by the People's Bank of China for the period from March 2, 2015 to January 1, 2017 is as follows:

  a. March 2, 2015 to May 10, 2015 = 5.75%

  b. May 11, 2015 to June 27, 2015 = 5.50%

  c. June 28, 2015 to August 25, 2015 = 5.00%

  d. August 26, 2015 to October 23, 2015 = 4.75%

  e. October 24, 2015 to December 31, 2015 = 4.75%

  f. January 1, 2016 to January 1, 2017 = 4.75%

The total interest due for the period from March 2, 2015 to January 1, 2017 is $50,453. Interest on the outstanding balance continues to accrue.

While the Arbitration Tribunal ordered Tiancheng Chempharm to pay amounts awarded within 20 days of the date of the Arbitration Award, Tiancheng Chempharm has not paid any portion of the Arbitration Award to Tianjin Port Free.

By its Motion, Tiancheng Chempharm does not address the underlying arbitration proceeding or the Arbitration Award in any way. While Respondent denies receiving the Petition "up until now" (Respondent's Motion at ¶ 3), it does not otherwise challenge service or make any attempt to explain how or why it allegedly did not receive service as is reflected in the Affidavit of Service. (Dkt. No. 5.) And though Respondent states that it "believes Respondent has meritorious defenses" (Id. at ¶ 5), it does not say anything about what these defenses might actually be.

## ARGUMENT
### RESPONDENT'S MOTION IS PROCEDURALLY DEFECTIVE AND SUBSTANTIVELY DEFICIENT

Respondent's Motion is both procedurally defective and substantively deficient. Respondent has failed to comply with this District's Local Rules and with this Court's individual rules. Moreover, Respondent has not provided any excuse for its failure to timely answer the Petition, nor has it demonstrated a meritorious defense to the Petition. The Court should accordingly dismiss Respondent's motion in its entirety.

**A.**  **Respondent's Motion is Procedurally Defective**

First and foremost, Respondent has failed to comply with this District's Local Rules. Local Civil Rule 7.1 states that, except for letter motions, "all motions shall include . . . (1) [a] notice of motion . . . which shall specify the applicable rules or statutes pursuant to which the motion is brought… (2) [a] memorandum of law, setting forth the cases and other authorities relied upon in support of the motion," and, (3) if necessary, supporting affidavits. Local Civil Rule 7.1(a).

Here, Respondent has filed only a single document styled as a "Motion for Leave to File Out of Time Response." This document contains legal argument along with citations to case law

and other authorities, indicating that it is intended to be a memorandum of law. Moreover, while Respondent cites to the Local Rule authorizing letter-motions (Respondent's Motion at 1), Respondent's submission is demonstrably not a letter-motion.

Respondent has not filed a notice of motion, and his submission is accordingly procedurally defective.

Second, Respondent has failed to comply with the Court's Individual Motion Practice and Rules (the Court's "Individual Rules"). The Court's Individual Rules unambiguously provide that "[a] pre-motion conference with the Court is required before making any motion," and instruct the moving party to "submit a letter not to exceed three (3) pages in length setting forth the basis for the anticipated motion." (Rules at 2(B).) Respondent did not comply with this Rule before submitting its Motion.

Finally, Petitioner notes that Respondent's Motion is dated October 12, 2017, though it was actually filed on October 20, 2017. (Respondent's Motion at 3.)

For all these reasons, Respondent's Motion is procedurally defective and should be denied in its entirety.

**B.      Respondent's Motion is Substantively Deficient**

Even if the Court were to conclude that the procedural deficiencies plaguing Respondent's Motion do not alone justify its denial, Respondent's Motion still fails on its merits for a variety of reasons. The Court should accordingly deny Respondent's Motion in its entirety.

As an initial matter, though styled as a request for more time to respond to the Petition, and though Respondent actively misrepresents to the Court that "no default . . . has been entered" (Respondent's Motion at ¶ 6), Respondent is clearly asking the Court to set aside the Clerk's Certificate of Default pursuant to FRCP 55(c). (See, e.g., Respondent's Motion at 2

("Respondent respectfully requests this Court to grant Motion for leave to file out of time Answer and set aside any default entered in this case.").); see also, Trustees of the Local 807 Labor-Management Pension Fund v. Maritime Fish Products, Inc., 11 CV 844, 2012 U.S. Dist. LEXIS 93211, *8 (E.D.N.Y. May 31, 2012) (Report and Recommendation, adopted in full at 2012 U.S. Dist. LEXIS 93122 (E.D.N.Y July 5, 2012)) ("Once a default has entered, the defendant may seek to set aside the default, pursuant to Rule 55(c).")

The standard of review applicable to a motion to set aside a default pursuant to FRCP 55(c) is accordingly the applicable standard here. FRCP 55(c) states, in relevant part, that "[t]he court may set aside an entry of default for good cause . . ." While the rule itself does not define "good cause" in this context, the Second Circuit Court of Appeals has "established three criteria that must be assessed in order to decide whether to relieve a party from default or from a default judgment. These widely accepted factors are: (1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993).

As discussed in detail below, all three of these factors weigh against Respondent's Motion.

1. Respondent's Default Was Willful

With respect to the first factor, "[a] default is deemed willful where a defendant simply ignores the complaint without action." United Bank of Kuwait PLC v. Enventure Energy Enhanced Oil Recovery Associates, 755 F. Supp. 1195, 1205 (S.D.N.Y. 1989). "In addition, the court may find a default to have been willful where the conduct of [the] counselor [or] the litigant was egregious and was not satisfactorily explained." Trustees, 2012 U.S. Dist. LEXIS 93211 at *17, citing SEC v. McNulty, 137 F.3d 732, 738 (2d Cir. 1998).

Here, Petitioner served Respondent, a domestic business corporation, on July 19, 2017 via the New York State Secretary of State. (Dkt. No. 5.) Service on the Secretary of State was proper pursuant to FRCP 4(e)(1) and 4(h)(1)(A). FRCP 4(h)(1)(A) provides that service on a corporation may be effectuated "in the manner prescribed by Rule 4(e)(1)," and Rule 4(e)(1) provides that an individual may be served by following state law in the state where the district court is located. New York Business Corporation Law §306(b), in turn, authorizes service on the Secretary of State for domestic or authorized foreign corporations.

Respondent has not challenged service, argued that the address maintained by the Secretary of State is inaccurate, or provided evidence that the Secretary of State failed to send the notice of service or otherwise sent it to the wrong location. Service here was accordingly proper. See, e.g., Santiago v. Crown Heights Center for Nursing & Rehabilitation, 15 CV 4381, 2017 U.S. Dist. LEXIS 27356, *30 (E.D.N.Y. Feb. 24, 2017) (Report and Recommendation, adopted in relevant part at 2017 U.S. Dist. LEXIS 164676 (Sep. 30, 2017)) (finding that "a corporation registered to do business in New York may be served by proper service upon the Secretary of State of New York"); Trustees, 2012 U.S. Dist. LEXIS 93211 at **14-16 (finding service on domestic corporation via the Secretary of State was proper).

Though served on July 19, 2017, Respondent took no steps to defend this proceeding until October 19, 2017, three months later, when it filed the first version of its Motion. (Dkt. No. 14.) Respondent has offered no excuse for its failure to timely respond to the Petition, other than to assert, in wholly conclusory fashion, that "[u]p until now, Respondent has not received Summon and Petition to Confirm Arbitration Award forwarded by Secretary of State." (Respondent's Motion at ¶ 3.) It is black-letter law, however, that the "mere denial of receipt of service [ ] is insufficient to overcome the presumption of validity of the process server's

19865002v.1

affidavit." Nolan v. City of Yonkers, 168 F.R.D. 140, 144 (S.D.N.Y. 1995); see also Sassower v. City of White Plains, 89 Civ. 1267, 1993 U.S. Dist. LEXIS 13475, *24 (S.D.N.Y. 1993) ("a bare allegation by a defendant that he was improperly served cannot be allowed to bely the private process server's return").

Respondent's failure to offer a substantive excuse or explanation of any kind to explain its failure to timely respond to the Petition supports a finding that Respondent's default was willful. See, e.g., Trustees, 2012 U.S. Dist. LEXIS 93211 at *17-20 (finding "willfulness" factor satisfied where defendant "failed to provide a valid excuse for its failure to defend this action."). This finding of willfulness is bolstered by the fact that Respondent similarly failed to honor its obligations under the Sales Contract, and similarly failed to participate in the underlying arbitration proceeding in any manner. Respondent's motion should accordingly be denied.

2. Respondent Has Not Presented a Meritorious Defense

"In order to make a sufficient showing of a meritorious defense in connection with a motion to vacate a default judgment, the defendant need not establish his defense conclusively, but he must present evidence of facts that, if proven at trial, would constitute a complete defense." McNulty, 137 F.3d at 740. "Whether a defense is meritorious is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense." State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada, 374 F.3d 158, 167 (2d Cir. 2004). "This standard applies regardless of whether there has been an evidentiary hearing or an opportunity for discovery." Id.

Here, far from meeting this evidentiary burden, Respondent has failed to provide any evidence whatsoever supporting a purportedly meritorious defense. Indeed, Respondent has

-10-

19865002v.1

failed to articulate *what its purported defenses even are*. This factor accordingly weighs decisively against Respondent's Motion, and that Motion should thus be denied in its entirety.

        3.       <u>Petitioner Would Be Prejudiced By Setting Aside Respondent's Default</u>

As an initial matter, where, as here, "a defendant's default was willful and the defendant has no meritorious defense, an absence of prejudice to the plaintiff will not entitle the defendant to relief from a default judgment." <u>RLS Associates, LLC v. United Bank of Kuwait PLC</u>, 01 Civ. 1290, 2002 U.S. Dist. LEXIS 1371, *8 (S.D.N.Y. Jan. 29, 2002). Respondent's Motion should accordingly be denied even without an assessment of this factor.

Regardless, Petitioner would be undeniably and substantially prejudiced should the Certificate of Default be set aside and Respondent permitted to serve a late answer. Petitioner provided the contracted-for goods to Respondent nearly four years ago, and to this day has not been paid for those goods. Petitioner undertook the expense of shepherding the matter through the underlying arbitration proceeding, as required under the Sales Contract, despite Respondent's steadfast refusal to participate in that process. And Petitioner has incurred substantial expense in attempting to enforce the Arbitration Award by initiating this proceeding, and, upon Respondent's default, taking the necessary steps to enter the default and move for a default judgment. Petitioner would be substantially prejudiced were it now required to incur the additional expense of having to litigate further against Respondent, particularly where Respondent has failed to assert any defense whatsoever to the Petition or make any effort to explain its refusal to participate in the underlying arbitration proceeding.

In short, all three factors relevant to a motion to set aside a default pursuant to Rule 55(c) weigh against Respondent's Motion. That Motion should accordingly be denied in its entirety, and Petitioner's motion for default judgment (Dkt. No. 10) granted.

## **CONCLUSION**

Petitioner respectfully requests that Respondent's Motion for Leave to File Out of Time Response be denied in its entirety, and that the Court grant Petitioner such other and further relief as it deems just and proper.

Dated: October 27, 2017

                                          Respectfully submitted,

                                          WHITE AND WILLIAMS LLP

By: _____
Eric B. Porter
portere@whiteandwilliams.com
7 Times Square, Suite 2900
New York, NY 10036
(212) 714-3078
*Attorneys for Petitioner*

19865002v.1