```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
TIANJIN PORT FREE TRADE ZONE
INTERNATIONAL TRADE SERVICE CO., LTD.
38 Yuancheng Road
Comprehensive Bonded Area
Tianjin Airport Economic Area
Tianjin, China

                        Petitioner,        MEMORANDUM & ORDER
                                           17-CV-4130 (JS)(AYS)
          -against-

TIANCHENG CHEMPHARM, INC. USA
855 Conklin Street, Suite S
Farmingdale, New York, 11735

                        Respondent.
----------------------------------------X
APPEARANCES
For Petitioner:     Eric Brent Porter, Esq.
                    White & Williams LLP
                    7 Times Square, Suite 2900
                    New York, NY 10036

For Respondent:     Hui Chen, Esq.
                    Law Offices of Hui Chen PC
                    136-20 38th Avenue, Suite 9E
                    Flushing, NY 11354
```

SEYBERT, District Judge:

Petitioner, Tianjin Port Free Trade Zone International Trade Service Co., Ltd. ("Petitioner" or "Tianjin"), commenced this action pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. § 201 (the "Convention") to confirm and enforce an arbitration award rendered in China against Respondent, Tiancheng Chempharm, Inc. USA ("Respondent" or "Tiancheng"). (See Pet., Docket Entry 1.)

Currently pending before the Court is Respondent's motion to dismiss the Petition, which, although not directly stated by Respondent, the Court construes as being brought pursuant to Federal Rule of Civil Procedure 12(b)(6). (See Resp't's Mot., Docket Entry 23-1.) For the reasons that follow, Respondent's motion is DENIED in its entirety.

BACKGROUND

I. Factual Background[1]

Petitioner Tianjin is a Chinese company that engages in the sale of certain dietatry supplements, including, among other things, creatine monohydrate, betaine anhydrous, and creatine HCL. (Pet. ¶¶ 1-2.) Tiancheng is a domestic corporation, organized under the laws of New York, with its principal place of business located in Farmingdale, New York. (Pet. ¶ 3.)

On December 16, 2013, Tianjin and Tiancheng entered into a Sales Contract, by which Tiancheng agreed to purchase 5,000 kg of creatine monohydrate, 4,000 kg of betaine anhydrous, and 9,000 kg of creatine HCL (collectively, the "Goods") from Tianjin, for the contract price of $480,000. (Pet. ¶¶ 8-9; Sales Cont. at 1; Award at 3.) Under the terms of the Sales Contract, payment was

---

[1] The facts stated herein are taken from the Petition, the Sales Contract entered into by the parties (see Sales Contract, Pet'r's Ex. A, Docket Entry 1-3), and the Arbitral Award rendered by the China International Economic and Trade Arbitration Commission ("CIETAC") on December 14, 2015 (see Award, Pet'r's Ex. B, Docket Entry 1-4).

2

due to Tianjin within ninety days. (Pet. ¶ 10; Sales Contract at 1; Award at 3.) Tianjin delivered the Goods in a timely manner and Tiancheng offered no objections to the quality of the Goods. (Pet. ¶¶ 11-12; Award at 3.) Tiancheng, however, failed to remit the agreed upon payment of $480,000. (Pet. ¶ 13; Award at 3.) Tianjin reminded Tiancheng of its payment obligation but Tiancheng avoided meeting with representatives of Tianjin and refused to submit the required payment. (Award at 3.)

The Sales Contract between the parties contained the following arbitration clause:

> All disputes in connection with this contract or the execution thereof shall be amicably settled through negotiation. In case no settlement can be reached between the two parties, . . . the case under dispute shall be submitted to China International Economic and Arbitration Commission for arbitration, in accordance with the commission's arbitration Rules in effect at the time of applying for arbitration [and] shall take place in Tianjin. The decision made by the Arbitration Commission shall be accepted as final and binding upon both parties. The fee for arbitration shall be borne by the losing party unless otherwise awarded.

(Sales Contract at 2, ¶ 7.) Having failed to receive payment from Tiancheng, Tianjin commenced an arbitration proceeding before CIETAC on March 19, 2015. (Pet. ¶ 16.)

On May 13, 2015, CIETAC sent copies of the notice of arbitration, the Arbitration Rules, and a list of arbitrators to Tiancheng. (Pet. ¶ 17.) CIETAC confirmed that the documents were

3

duly served upon Tiancheng on May 18, 2015. (Award at 1.) On June 17, 2015, CIETAC sent a notice of fee payment to both Tianjin and Tiancheng via express mail service, which advised the parties of the relevant expenses to be paid for the arbitration proceeding. (Award at 1.) CIETAC also sent the parties a notice of arbitral tribunal organization and a notice of session opening on July 14, 2015. (Award at 1.) The notice of fee payment, the notice of arbitral tribunal organization, and the notice of session opening sent to Tiancheng were all returned to CIETAC by the post office on the grounds that "the entity refused to accept the document as the recipient did not work here." (Award at 1-2.) As a result, Tianjin provided CIETAC with another address for Tiancheng.[2] (Award at 2.) The foregoing documents were all sent to the new address provided for Tiancheng and CIETAC verified that the documents were duly served upon Tiancheng on September 4, 2015. (Award at 2.)

An arbitration hearing was held on October 15, 2015 in Beijing, China, at which time Tianjin presented evidence to support its claims and answered questions from the tribunal. (Pet. ¶ 18; Award at 2.) Tiancheng did not appear at the arbitration nor did

---

[2] Although not specifically stated in the Award, the new address Tianjin provided CIETAC was the address listed for Tiancheng with the New York Secretary of State. (Li Decl., Docket Entry 27, ¶¶ 8, 10; NYS Dep't of State Entity Info., Porter Decl. Ex. C, Docket Entry 26-3.)

4

it offer any reason for its nonappearance. (Pet. ¶ 18; Award at 2.)

On October 20, 2015, CIETAC sent Tiancheng the materials submitted by Tianjin during the arbitration and advised Tiancheng that any objections must be submitted within a specified time period. (Pet. ¶ 19; Award at 2.) CIETAC verified that such documents were duly served upon Tiancheng on October 23, 2015. (Award at 2.) Tiancheng did not submit any objections. (Pet. ¶ 19; Award at 2.)

CIETAC issued a written Arbitration Award on December 14, 2015, ordering Tiancheng to pay Tianjin the purchase price of the Goods of $480,000, as well as interest and the costs of the arbitration. (Pet. ¶¶ 22-24; Award at 6.) Payment was to be made within twenty days of the Award. (Pet. ¶ 25; Award at 6.) To date, Tiancheng has not paid any portion of the Award. (Pet. ¶ 26.)

On July 12, 2017, Tianjin commenced the within action to confirm the Award rendered by CIETAC. (See Pet.) Tiancheng failed to respond to the Petition or otherwise appear in this action and on August 23, 2017, the Clerk of the Court entered a notation of default against Tiancheng. (See Clerk's Entry of Default, Docket Entry 9.) Thereafter, Tianjin filed a motion for default judgment. (See Pet'r's Default J. Mot., Docket Entry 10.) While that motion was pending, Tiancheng filed a motion to vacate the Clerk's Entry

of Default and to allow Tiancheng to serve a response to the Petition. (Resp't's Mot. for Leave to File Out of Time Resp., Docket Entry 14.)

The parties appeared before United States District Judge Leonard D. Wexler, who was previously assigned to this action, on November 14, 2017. (Nov. 14, 2017 Min. Order, Docket Entry 19.) During that conference, Judge Wexler vacated the Clerk's Entry of Default issued against Tiancheng, terminated Tianjin's motion for a default judgment as moot, and directed Tiancheng to file its response to the Petition within thirty days. (Nov. 14, 2017 Min. Order.) Tiancheng thereafter sought leave to move to dismiss the Petition, which Tianjin opposed. (See Docket Entries 20-21.) On December 14, 2017 Judge Wexler set a briefing schedule, (see Dec. 14, 2017 Elec. Scheduling Order), and Tiancheng's motion to dismiss is now before the Court.

In its motion, Tiancheng raises three grounds for dismissal: (1) it was never properly served during the underlying arbitration proceeding; (2) the Sales Contract is a forgery; and (3) Tianjin did not attempt to amicably settle the dispute prior to commencing arbitration, as required under the Sales Contract. (Resp't's Br., Docket Entry 23.) Tiancheng also requests attorney's fees and costs, pursuant to Federal Rule of Civil Procedure 54(d). (Resp't's Br. at 10-11.) Tianjin opposes Tiancheng's motion in its entirety.

6

DISCUSSION

I. Legal Standard

"To survive a motion to dismiss [pursuant to Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Facial plausibility" is achieved when the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). As a general rule, the court is required to accept as true all of the allegations contained in the complaint, see Iqbal, 556 U.S. at 678; Kassner v. 2nd Ave. Delicatessen, Inc., 496 F.3d 229, 237 (2d Cir. 2007), and to "draw all reasonable inferences in [Plaintiff's] favor." Bueno v. LR Credit 18, LLC, 269 F. Supp. 3d 16, 18 (E.D.N.Y. 2017) (quoting Johnson v. Rowley, 569 F.3d 40, 43 (2d Cir. 2009) (per curiam).

However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . are not entitled to the assumption of truth." Iqbal, 556 U.S. at 678-79 (citation omitted); see also Twombly, 555 U.S. at 555 (stating that the court is "not bound to accept as true a legal conclusion couched as a factual allegation"). "While legal conclusions can

7

provide the framework of a complaint, they must be supported by factual allegations," which state a claim for relief. Iqbal, 556 U.S. at 679. A complaint that "tenders 'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice. Id. at 678 (quoting Twombly, 555 U.S. at 557).

II. Enforcing Foreign Arbitral Awards Pursuant to the Convention

"Countries that are parties to the Convention, including the United States and China, agree to recognize each other's arbitral awards and to enforce them in accord with the rules of procedure of the place where the award is relied upon." Jiangsu Changlong Chem., Co., Inc. v. Burlington Bio-Medical & Sci. Corp., 399 F. Supp. 2d 165, 168 (E.D.N.Y. 2005) (citing Geotech Lizenz AG v. Evergreen Sys., Inc., 697 F. Supp. 1248, 1252 (E.D.N.Y. 1988)). "'A district court's review of an arbitration award is extremely deferential,' and '[s]uch deference is particularly appropriate with respect to foreign arbitration awards.'" OOO FC Grand Cap. v. Int'l Pharm. Servs. Ltd., No. 16-CV-6156, 2017 WL 8813135, at *5 (E.D.N.Y. Dec. 15, 2017) R&R adopted, 2018 WL 879027, at *1 (E.D.N.Y. Feb. 14, 2018) (quoting Korean Trade Ins. Corp. v. Eat It Corp., No. 14-CV-3456, 2015 WL 1247053, at *4 (E.D.N.Y. Mar. 16, 2015)) (alteration in original). Confirmation of a foreign arbitral award is considered a "summary proceeding," which "merely converts what is already a final decision into a judgment of a

court." Jiangsu, 399 F. Supp. 2d at 168 (internal quotation marks and citation omitted).

To obtain enforcement of a foreign arbitral award, the party seeking enforcement "need only submit an authentic copy of the award, the agreement to arbitrate and, if the award is in a language other than English, a duly certified translation." Id. (citing Convention, Art. IV). Once the Petitioner submits these materials, the burden shifts to the Respondent to demonstrate that "one of the circumstances warranting denial of enforcement, as set forth in the Convention, is present." Jiangsu, 399 F. Supp. 2d at 168 (citing Montauk Oil Transp. Corp. v. Steamship Mut. Underwriting Assoc. (Bermuda) Ltd., No. 90-CV-3792, 1995 WL 361303, at *1 (S.D.N.Y. June 16, 1995), aff'd, 79 F.3d 295 (2d Cir. 1996)). Such circumstances are limited, however, and, "in view of the strong public policy favoring arbitration, are to be narrowly construed." Jiangsu, 399 F. Supp. 2d at 168 (citing Geotech, 697 F. Supp. at 1252).

III. Tiancheng's Grounds for Denying Enforcement

As stated supra, Tiancheng offers three arguments for why the Award should not be enforced: (1) it was not provided with proper notice of the underlying arbitration proceeding; (2) the Sales Contract is a forgery; and (3) Tianjin did not fulfill its

9

obligation under the Sales Contract to try and amicably resolve its dispute with Tiancheng before commencing arbitration.³

A. <u>Failure to Provide Proper Notice</u>

Article V(1)(b) of the Convention provides that a party resisting confirmation of an arbitration award must demonstrate that it was "not given proper notice" of the arbitration or was "otherwise unable to present his case." Convention, Art. V(1)(b). "[A] party seeking to avoid confirmation of an arbitral award on the basis of Article V(1)(b) must demonstrate that the award was rendered pursuant to procedures inconsistent with the forum state's standards of due process." <u>Sonera Holding B.V. v. Cukurova Holding A.S.</u>, 895 F. Supp. 2d 513, 521 (S.D.N.Y. 2012) (citing <u>Iran Aircraft Indus. v. Avco Corp.</u>, 980 F.2d 141, 145 (2d Cir. 1992), <u>rev'd on other grounds</u>, 750 F.3d 221 (2d Cir. 2014)). To satisfy the requirements of due process, parties to an arbitration "must be given 'notice reasonably calculated' to inform them of the proceedings and 'an opportunity to be heard.'" <u>Jiangsu</u>, 399 F. Supp. 2d at 168 (quoting <u>Anhui Provincial Imp. and Exp. Corp.</u>

---

³ The Court notes that the second and third arguments offered by Tiancheng are quite inconsistent. While Tiancheng first argues that the Sales Contract is a forgery, it then goes on to assert that Tianjin failed to fulfill its obligation under the purportedly fraudulent Sales Contract to amicably settle any dispute prior to commencing arbitration. The Court finds it difficult to reconcile such opposing arguments. (Resp't's Br. at 3-6, 9-10.)

v. Hart Enters. Int'l, Inc., No. 96-CV-0128, 1996 WL 229872, at *3 (S.D.N.Y. May 7, 1996)).

The Court is satisfied that CIETAC provided Tiancheng with the opportunity to participate in the arbitration in a meaningful manner. As the Award sets forth, notice of the arbitration and all documents were provided to Tiancheng at the address listed in the Sales Contract. When some--not all--of the documents were later returned to CIETAC, Tianjin provided the address listed with the New York Secretary of State for Tiancheng and the documents were again sent to Tiancheng at that address. Those documents were not returned and CIETAC verified that the documents were duly served on Tiancheng. (Award at 2.) Tiancheng simply chose not to participate in the arbitration proceedings.

Based on the foregoing, the Court concludes that the Award was rendered pursuant to procedures consistent with this forum's standards of due process. Accordingly, Tiancheng's motion to dismiss Tianjin's Petition on the grounds that it did not receive proper notice of the underlying arbitration proceedings is denied.

B. The Validity of the Sales Contract

In support of its motion, Tiancheng also argues that the underlying Sales Contract is a forgery, and therefore void. (Resp't's Br. at 3-6.) As the Second Circuit has held, "the issue of whether the underlying contract that is the subject of the arbitrated dispute was forged or fraudulently induced [is] a matter

to be determined exclusively by the arbitrators." Europcar Italia, S.p.A. v. Maiellano Tours, Inc., 156 F.3d 310, 315 (2d Cir. 1998) (collecting cases). If the party resisting confirmation of the arbitration award "failed to raise the issue of the forged . . . agreement to the arbitrators, the issue is forfeited." Id. (citing Nat'l Wrecking Co. v. Int'l Bhd. of Teamsters, Local 731, 990 F.2d 957, 960 (7th Cir. 1993)). Moreover, if the party resisting confirmation of the arbitration award "did raise the issue to the arbitrators, it cannot seek to relitigate the matter here." Id. (citing Barbier v. Shearson Lehman Hutton Inc., 948 F.2d 117, 120-21 (2d Cir. 1991)) (additional citations omitted).

Here, Tiancheng did not participate in the underlying arbitration before CIETAC. Accordingly, it did not raise the issue of whether the Sales Contract is fraudulent to the arbitrators, as it was required to do at that time. As such, Tiancheng has forfeited the issue and cannot raise it here as a defense to enforcement of the Award. Tiancheng's motion to dismiss Tianjin's Petition on the grounds that the underlying Sales Contract is a forgery is therefore DENIED.

C. The Parties' Obligation to Attempt to Settle

Notwithstanding the fact that Tiancheng asserts that the Sales Contract is fraudulent, its final argument in support of dismissal is that Tianjin failed to comply with its obligation in the Sales Contract to "amicably settle[ ]" any disputes through

12

negotiation before resorting to arbitration. (Resp't's Br. 9; Sales Contract at 2, ¶ 7.) However, in the Award, CIETAC specifically found that, prior to commencing arbitration, Tianjin "reminded [Tiancheng] to make payment, but the person-in-charge of [Tiancheng] avoided meeting the representatives of [Tianjin] and refused to fulfill the payment obligations under the Contract." (Award at 3.) Accordingly, as the arbitration panel found, Tianjin did attempt to settle its dispute with Tiancheng before commencing arbitration. Tiancheng, however, failed to cooperate. Tiancheng's motion to dismiss Tianjin's Petition on the grounds that Tianjin failed to fulfill its obligation to attempt to settle before commencing arbitration is therefore DENIED.

D. <u>Additional Grounds for Dismissal</u>

In its reply memorandum, Tiancheng raises a number of new grounds for dismissal for the very first time, including that CIETAC is in collusion with Tianjin and "cannot be trusted." (Resp't's Reply Br., Docket Entry 28, at 5-7.) Putting aside the incredulity of Tiancheng's argument, it is black letter law that "'[a]rguments may not be made for the first time in a reply brief.'" <u>Zirogiannis v. Seterus, Inc.</u>, 221 F. Supp. 3d 292, 298 (E.D.N.Y. 2016) (quoting <u>Knipe v. Skinner</u>, 999 F.2d 708, 711 (2d Cir. 1993) (alteration in original). Accordingly, "'[n]ew arguments first raised in reply papers in support of a motion will not be considered.'" <u>Zirogiannis</u>, 221 F. Supp. 3d at 298 (quoting

13

Domino Media Inc. v. Kranis, 9 F. Supp. 2d 374, 387 (S.D.N.Y. 1998)).

### E. Attorney's Fees and Costs

Based on the foregoing, the Court finds none of the grounds for dismissal raised by Tiancheng to have any merit. Accordingly, there is no need to consider Tiancheng's request for attorney's fees and costs.

## CONCLUSION

For the foregoing reasons, Respondent's motion to dismiss the Arbitral Award issued on December 14, 2015 (Docket Entry 23) is DENIED. Since Respondent cannot offer any viable defenses to enforcement of the Award, the Court hereby GRANTS Petitioner's Petition to Confirm Arbitration Award (Docket Entry 1). Petitioner is directed to submit a proposed judgment, consistent with the Award, within ten (10) days.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: May __30__, 2018
       Central Islip, New York