```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
TIANJIN PORT FREE TRADE ZONE
INTERNATIONAL TRADE SERVICE CO., LTD.,

                    Petitioner,         MEMORANDUM & ORDER
                                        17-CV-4130(JS)(AYS)
         -against-

TIANCHENG CHEMPHARM, INC. USA,

                    Respondent.
----------------------------------X
APPEARANCES
For Petitioner:     Eric Brent Porter, Esq.
                    White & Williams LLP
                    7 Times Square, Suite 2900
                    New York, New York 10036

For Respondent:     Hui Chen, Esq.
                    Law Offices of Hui Chen PC
                    136-20 38th Avenue, Suite 9E
                    Flushing, New York 11354
```

SEYBERT, District Judge:

Before the Court is petitioner Tianjin Port Free Trade Zone International Trade Service Co., Ltd.'s ("Petitioner") application for attorneys' fees and costs. (Mot., D.E. 37.) Respondent Tiancheng Chempharm, Inc. USA ("Respondent") has not opposed the motion. Petitioner's motion is GRANTED for the following reasons.

DISCUSSION[1]

Petitioner seeks attorneys' fees and litigation costs in connection with its successful petition to confirm an arbitration award. "Where a party 'refuses to abide by an arbitrator's decision without justification, attorney's fees and costs may properly be awarded.'" Local 807 Labor-Mgmt. Health & Pension Funds v. Showtime on the Piers, LLC, No. 18-CV-3642, 2019 WL 440641, at *4 (E.D.N.Y. Jan. 14, 2019) (quoting Int'l Chem. Workers Union, Local No. 227 v. BASF Wyandotte Corp., 774 F.2d 43, 47 (2d Cir. 1985)) (citations omitted), R&R adopted, 2019 WL 438476 (E.D.N.Y. Feb. 4, 2019). "To that end, courts in the Second Circuit have held that a '[f]ailure to appear at arbitration or the confirmation hearing may result in a grant of attorneys' fees on equitable grounds.'" Trustees of Empire State Carpenters Annuity v. Baroco Contracting Corp., No. 15-CV-5690, 2016 WL 2893239, at *4 (E.D.N.Y. Apr. 19, 2016) (quoting N.Y. City Dist. Council of Carpenters Pension Fund v. Brookside Contracting Co., Inc., No. 07-CV-2583, 2007 WL 3407065, at *2 (S.D.N.Y. Nov. 14,

---

[1] Familiarity with the Court's May 30, 2018 Memorandum and Order denying Respondent's motion to dismiss and granting Petitioner's petition to confirm the arbitration award, (see Tianjin v. Tiancheng, No. 17-CV-4130, 2018 WL 2436990 (E.D.N.Y. May 30, 2018) (the "2018 Order"), and the Second Circuit's June 4, 2019 Summary Order affirming the 2018 Order, Tianjin v. Tiancheng, 771 F. App'x 36 (2d Cir. 2019) (the "Summary Order"), is assumed. The Court will discuss only those facts relevant to Petitioner's fee application.

2007)) (alteration in original), R&R adopted, 2016 WL 2889007 (E.D.N.Y. May 17, 2016).

Here, Respondent "did not appear at the arbitration nor did it offer any reason for its nonappearance." 2018 Order, 2018 WL 2436990, at *2. However, Respondent eventually appeared in this action and moved to dismiss Petitioner's Petition to confirm the arbitration award. Id. at *2-3.

In the 2018 Order, the Court found that "none of the grounds for dismissal [of the Petition] raised by [Respondent] [ ] ha[d] any merit." Id. at *5. First, as to Respondent's argument that it was not properly served during the underlying arbitration proceeding, the Court found that the China International Economic and Trade Arbitration Commission ("CIETAC") "provided [Respondent] with the opportunity to participate in the arbitration in a meaningful manner," but that Respondent "simply chose not to participate in the arbitration proceedings." Id. at *1 n.1, *4. In the Summary Order, the Second Circuit found that the Court "did not err in holding that [Respondent] had adequate notice of the arbitration." Summary Order, 771 F. App'x at 37.

Second, as to whether the sales contract at issue was a forgery, the Court noted that since Respondent "did not participate in the underlying arbitration," "it did not raise the issue of whether the Sales Contract is fraudulent to the arbitrators, as it was required to do at that time." 2018 Order, 2018 WL 2436990, at

3

\*5. Thus, Respondent "forfeited the issue and c[ould ]not raise it [ ] as a defense to enforcement of the Award." Id. The Second Circuit agreed "that [Respondent] forfeited that the argument the contract is fraudulent by not raising it as a defense in the arbitration itself." Summary Order, 771 F. App'x at 37.

Third, as to whether Petitioner did not attempt to amicably settle the dispute prior to commencing arbitration, the Court highlighted CIETAC's finding that Petitioner "did attempt to settle its dispute with [Respondent] before commencing arbitration," but that Respondent "failed to cooperate." 2018 Order, 2018 WL 2436990, at \*5. Further, the Court noted that Respondent's second and third arguments were fundamentally inconsistent: "While [Respondent] first argues that the Sales Contract is a forgery, it then goes on to assert that [Petitioner] failed to fulfill its obligation under the purportedly fraudulent Sales Contract to amicably settle any dispute prior to commencing arbitration." Id. at \*4 n.3. The Second Circuit deemed the third argument to be abandoned on appeal. Summary Order, 771 F. App'x at 37 n.1.

Fourth, as to whether the CIETAC was in collusion with Petitioner and could not "be trusted," the Court noted that even if it "[p]ut[ ] aside the incredulity of [Respondent's] argument," it would not consider the argument because Respondent improperly raised it for the first time in its reply papers. 2018 Order,

4

2018 WL 2436990, at *5 (internal quotation marks and citations omitted). Respondent did not raise this argument on appeal.

Therefore, in the 2018 Order, the Court concluded that "[s]ince Respondent cannot offer any viable defenses to enforcement of the Award, the Court hereby GRANTS Petitioner's Petition to Confirm Arbitration Award." Id. On July 19, 2018, the Court entered judgment, (J., D.E. 36), and on June 4, 2019, the Second Circuit affirmed the Court's judgment, Summary Order, 771 F. App'x at 37.

Considering Respondent's failure to appear at the arbitration, together with the unavailing arguments that the 2018 Order addressed, the Court concludes that Respondent refused to abide by the arbitration panel's decision "without justification." See Showtime on the Piers, LLC, 2019 WL 440641, at *4. Thus, Petitioner is entitled to an award of attorneys' fees and costs. See Baroco Contracting Corp., 2016 WL 2893239, at *4.

"[P]etitioners bear the burden of proving the reasonableness of the fees sought." Showtime on the Piers, LLC, 2019 WL 440641, at *4 (citing Savoie v. Merchs. Bank, 166 F.3d 456, 463 (2d Cir. 1999)). In considering a fee application, the Court must determine the presumptively reasonable fee, or lodestar, which "is the product of the number of hours reasonably expended on the litigation and a reasonable hourly rate." Id. at

5

\*4 & n.6 (citing Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany, 522 F.3d 182, 183 (2d Cir. 2008)).

"For purposes of the lodestar, '[a] reasonable [hourly] rate is the rate that a reasonable, paying client would be willing to pay.'" Baroco Contracting Corp., 2016 WL 2893239, at \*5 (quoting Barrella v. Vill. of Freeport, 43 F. Supp. 3d 136, 189 (E.D.N.Y. 2014)) (alterations in original). "Courts in the Second Circuit adhere to the forum rule, 'which states that a district court should generally use the prevailing hourly rates in the district where it sits.'" Id. (quoting Joseph v. HDMJ Rest., Inc., 970 F. Supp. 2d 131, 155 (E.D.N.Y. 2013)). "[T]he Second Circuit also instructed district courts to consider the factors set forth in Johnson v. Ga. Highway Express Inc., 488 F.2d 714 (5th Cir. 1974, abrogated on other grounds by Blanchard v. Bergeron, 489 U.S. 87 (1989)."[2] Bonded Waterproofing Serv., Inc., 2018 WL

---

[2] The Johnson factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship

6

6173439, at *5 (citing Arbor Hill, 522 F.3d at 190).  Courts in this district "award hourly rates ranging from $200 to $450 per hour for partners, $100 to $300 per hour for associates, and $70 to $100 per hour for paralegals."  Baroco Contracting Corp., 2016 WL 2893239, at *5 (citing Ferrara v. CMR Contracting LLC, 848 F. Supp. 2d 304, 313 (E.D.N.Y. 2012)).

According to the Fiddler Declaration, dated August 13, 2018 and submitted in support of Petitioner's application for attorneys' fees, partner Gary P. Biehn ("Biehn"), partner Thomas B. Fiddler ("Fiddler"), associate Eric B. Porter ("Porter"), and paralegal Kelcey C. Wells ("Wells") worked on this matter. (Fiddler Decl., D.E. 37-2, ¶ 3.)

Biehn is the chair of White and Williams LLP's (the "Firm") international and China business practice groups, and as of the date of the Fiddler Declaration, he had been practicing law for approximately thirty-five years.  He has extensive experience representing domestic and international clients across a wide range of business matters.  He billed at the rates of $625 per hour in 2017 and $645 per hour in 2018.  (Fiddler Decl. ¶ 4.)

---

with the client; and (12) awards in similar cases.

Trustees of Ne. Carpenters Health, Pension, Annuity, Apprenticeship & Labor Mgmt. Cooperation Funds v. Bonded Waterproofing Serv., Inc., No. 17-CV-3896, 2018 WL 6173439, at *5 (E.D.N.Y. Nov. 26, 2018) (quoting Arbor Hill, 522 F.3d at 186 n.3).

7

Fiddler is the vice chair of the Firm's commercial litigation practice group, and as of the date of his Declaration, he had been practicing law for twenty-eight years. He has extensive experience representing clients in business disputes. He billed at the rates of $555 per hour in 2017 and $570 per hour in 2018. (Fiddler Decl. ¶ 5.)

Porter is a senior litigation associate who graduated from Temple Law School in 2007. As of the date of the Fiddler Declaration, he had been practicing law for eleven years, with litigation experience gained at the Firm and as an Assistant Corporation Counsel for the City of New York. The Fiddler Declaration does not discuss his typical areas of practice. He billed at the rates of $370 per hour in 2017 and $385 per hour in 2018. (Fiddler Decl. ¶ 6.)

Wells is a paralegal and billed at the rate of $225 per hour. (Fiddler Decl. ¶¶ 3, 14.) The Fiddler Declaration gives no information about Wells' background and qualifications.

Petitioner seeks a total of $43,386.50 in attorneys' fees for the work of these individuals, (Fee Br., D.E. 37-1, at 5), broken down as follows:

| Biller | 2017 Hours | 2017 Rate | 2017 Fee | 2018 Hours | 2018 Rate | 2018 Fee | Requested Fee |
|--------|------------|-----------|----------|------------|-----------|----------|---------------|
| Biehn | 3.7 | $625 | $2,312.50 | 1.4 | $645 | $903 | $3,215.50 |
| Fiddler | 16.9 | $555 | $9,379.50 | 6.7 | $570 | $3,819 | $13,198.50 |

| Porter | 36.4 | $370 | $13,468 | 34.2 | $385 | $13,167 | $26,635 |
| Wells | 1.5 | $225 | $337.50 | N/A | N/A | N/A | $337.50 |

(Fiddler Decl. ¶ 14.)

Petitioner advances the conclusory argument that "[t]he hourly rates charged for each attorney are . . . standard, reasonable rates based upon the experience level of each attorney." (Fee Br. at 5.) It cites no caselaw supporting an award of the amount of fees it requests, which is based on hourly rates that far surpass those that courts in this district award. The Court does not view this as a case of great complexity, and Petitioner does not argue that the matter involved novel or difficult issues, that a high level of expertise was required, or any other relevant factor that could justify counsels' hourly rates.

Considering the prevailing hourly rates in this district and the factors set forth in Arbor Hill and Johnson, the Court finds that the requested hourly rates are excessive. The Court concludes in its discretion that given their experience and relevant areas of expertise, Biehn's and Fiddler's time shall be compensated at the rate of $375 per hour; given his position as an associate with general litigation experience, Porter's time shall be compensated at the rate of $225 per hour; and given the lack of information about Wells, her time will be compensated at $75 per hour.

9

Petitioner also bears the burden of establishing that the number of hours for which it seeks compensation is reasonable. Bonded Waterproofing Serv., Inc., 2018 WL 6173439, at *6 (citation omitted). Fee-award applications "'should generally be documented by contemporaneously created time records that specify, for each attorney, the date, the hours expended, and the nature of the work done.'" Id. (quoting Kirsch v. Fleet St., Ltd., 148 F.3d 149, 173 (2d Cir. 1998)). "'Hours that are excessive, redundant, or otherwise unnecessary, are to be excluded, and in dealing with such surplusage, the court has discretion simply to deduct a reasonable percentage of the number of hours claimed as a practical means of trimming fat from a fee application.'" Id. (quoting Kirsch, 148 F.3d at 173) (internal quotation marks and citations omitted).

Petitioner submitted copies of invoices--which Fiddler avers contain contemporaneous time records--sent by the Firm to Petitioner, each of which clearly describes the work performed, the time spent on the matter, the initials of the professional who provided services, and the date the services were performed. (Fiddler Decl. ¶¶ 7-10, 11-13; Invoices, Fiddler Decl. Exs. A-D, D.E. 37-3 to 37-6.) The Court finds that these invoices satisfy the contemporaneous-records requirement. See Bonded Waterproofing Serv., Inc., 2018 WL 6173439, at *7.

Petitioner seeks compensation for 100.8 hours of billed time. The Court finds that the bulk of the hours billed are reasonable, considering (1) that Petitioner's fee application is unopposed, (2) the descriptions of the tasks performed, and (3) that many of the hours billed were necessitated by Respondent--its initial default (and Petitioner's filing of a motion for entry of a default judgment), its late appearance (and litigation surrounding its request to file a late response), and its filing of a motion to dismiss that the Court found to lack any merit (and Petitioner's opposition, then sur-reply in response to arguments raised for the first time in Respondent's reply brief). However, the Court will reduce the hours billed by ten percent to accommodate for inefficiencies (e.g., billing an attorney's full hourly rate for travel to the courthouse and billing five hours in connection with Respondent's pre-motion conference request). (Invoice, D.E. 37-5, at ECF p. 3.)

Considering the above, the Court calculates the lodestar figure to be $24,067.50, broken down as follows:

| Biller | Hours Billed | Revised Hours | Revised Rate | Revised Fee |
|---|---|---|---|---|
| Biehn | 5.1 | 4.6 | $375 | $1,725 |
| Fiddler | 23.6 | 21.2 | $375 | $7,950 |
| Porter | 70.6 | 63.5 | $225 | $14,287.50 |
| Wells | 1.5 | 1.4 | $75 | $105 |
| Total | 100.8 | 90.7 | | $24,067.50 |

In addition to attorneys' fees, Petitioner requests costs of $405.20 in connection with paying the Court's filing fee. (Fiddler Decl. ¶ 15.) "[C]ourts in this district allow for the recovery of service and filing fees in arbitration confirmation proceedings." Baroco Contracting Corp., 2016 WL 2893239, at *5 (citations omitted). One of the Firm's invoices reflects payment of the requested costs, and the Court awards Petitioner $405.20. (Invoice, D.E. 37-4, at ECF p. 2.)

CONCLUSION

For the foregoing reasons, Petitioner's motion for attorneys' fees and costs (D.E. 37) is GRANTED, and Petitioner is awarded the sum of $24,472.70, consisting of $24,067.50 in attorneys' fees and $405.20 in litigation costs. The Clerk of the Court is directed to enter judgment accordingly.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: September __30__, 2019
Central Islip, New York